UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL ANDRUS, individually and | : | CASE NO.: |
| on behalf of all other similarly situated, | : | |
| | : | JUDGE |
| Plaintiff, | : | |
| | : | |
| -vs- | : | **COLLECTIVE AND CLASS ACTION** |
| | : | **COMPLAINT** |
| DENONE, LLC, an Ohio corporation; | : | |
| DENMAR RESTAURANT GROUP, LLC, | : | |
| an Ohio corporation; NORTHERN OHIO | : | |
| RESTAURANT GROUP, LLC, an Ohio | : | |
| Corporation; and ERICK MARTINEZ, | : | |
| | : | |
| Defendants. | : | |

## INTRODUCTION

Plaintiff, Daniel Andrus ("Plaintiff"), individually and on behalf of all others similarly

situated, by his attorneys, upon personal knowledge as to himself and upon information and

belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid overtime wages and all allowable damages,

interest, and attorney's fees and costs under the Fair Labor Standards Act ("FLSA") for Plaintiff

individually, and as a collective action (the "Collective Action") for Plaintiff and all current and

former restaurant managers (or those holding a similar job, but given a different job title) who

were paid on a salary basis and worked more than 40 hours in any given workweek at any of

Defendants' Denny's restaurant locations, for which workweek the Collective Member was paid

on a pay date within the period beginning three years preceding the filing date of this Complaint

and ending on the date of judgment in this matter (the "FLSA Relevant Period") (each a

"Collective Member" and collectively the "Collective Members"), who elect to opt into this action pursuant to 29 U.S.C. § 216(B) of the FLSA; and for Plaintiff individually and the class of current and former restaurant managers (or those holding a similar job, but given a different job title) as a class action for unpaid overtime wages under the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.01 *et seq.* ("OMFWSA") and all allowable damages, penalties, interest, and attorney's fees and costs under Ohio law based on the factual predicate of such unpaid overtime wages (the "Class Action"), for Plaintiff and all current and former restaurant managers (or those holding a similar job, but given a different job title) who were paid on a salary basis and who worked more than 40 hours in any given workweek at any of Defendants' Denny's restaurant locations, for which workweek the Plaintiff, Collective Member, or Class Action member was paid on a pay date within the period beginning two years preceding the filing date of this Complaint and ending on the date of judgment in this matter (the "Class Action Relevant Period") (each a "Class Action Member" and collective the "Class Action Members").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. 1331.

3.      Venue is proper in the Cleveland forum of this judicial district under 28 U.S.C. § 1391 because Plaintiff worked for and received paychecks from one or more Defendants in the Cleveland forum of this judicial district; Defendants operate Denny's restaurant locations in the Cleveland forum of this judicial district, including the location where Plaintiff worked in his employment for Defendants; and a substantial part of the events giving rise to the claim herein

occurred in the Cleveland forum of this judicial district, including but not limited Plaintiff's

employment at issue in the Cleveland forum of this judicial district.

4.    Defendants DenOne, LLC ("Defendant DenOne"); Denmar Restaurant Group,

LLC ("Defendant Denmar"); and Northern Ohio Restaurant Group, LLC are all Ohio

corporations ("Defendant Northern Ohio Restaurant Group"), all of which have registered their

corporate address as the Denny's restaurant location at 25912 Lorain Road, North Olmsted, Ohio

44070 which is within the Cleveland forum of this judicial district and all Defendants are subject

to personal jurisdiction in this judicial district.

## PARTIES

5.    Plaintiff is a resident of Lake County, Ohio, within the Cleveland forum of this

judicial district.

6.    Plaintiff worked as restaurant manager for Defendants' Denny's restaurant

located at 34725 Euclid Avenue, Willoughby, Ohio 44095 on approximately January 13, 2017

until such time that he was promoted to general manager in December, 2018

7.    Plaintiff, in his employment for Defendants, was regularly required to work in

excess of 40 hours per week and was paid on a salary basis. Plaintiff was never paid overtime in

his employment for Defendants.

8.    Defendants collectively comprise a chain of approximately 23 Denny's restaurant

locations all of which were owned and operated by Defendant, Erick Martinez ("Defendant

Martinez"), during the FLSA Relevant Period and the Class Action Relevant Period.

9.    According to their corporate filings with the Ohio Secretary of State, DenOne,

LLC; Denmar Restaurant Group, LLC; and Northern Ohio Restaurant Group, LLC each may be

served with process on their registered agent, Defendant Erick Martinez, at 25912 Lorain Road, North Olmsted, Ohio 44070.

10.     At all material times, Plaintiff was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

11.     Plaintiff has given his written consent to be a Representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is appended hereto as Exhibit A.

12.     At all material times, DenOne, LLC was a limited liability company duly licensed to transact business in the State of Ohio.

13.     Defendant DenOne does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

14.     Defendant DenOne, is owned and/or operated, in whole, by Defendant Erick Martinez.

15.     Defendant DenOne, is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

16.     Under the FLSA, Defendant DenOne, is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant DenOne had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  Having acted in the interest of DenOne in relation to the company's employees, including Plaintiff, Defendant DenOne is subject to liability under the FLSA.

4

17.     At all material times, Northern Ohio Restaurant Group, LLC was a limited liability company duly licensed to transact business in the State of Ohio.

18.     Defendant Northern Ohio Restaurant Group does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

19.     Defendant Northern Ohio Restaurant Group is owned and/or operated, in whole or in part, by Defendant Erick Martinez.

20.     Defendant Northern Ohio Restaurant Group is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

21.     Under the FLSA, Defendant Northern Ohio Restaurant Group is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Northern Ohio Restaurant Group  had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  Having acted in the interest of Northern Ohio Restaurant Group in relation to the company's employees, including Plaintiff, Defendant Northern Ohio Restaurant Group is subject to liability under the FLSA.

22.     At all material times, Denmar Restaurant Group, LLC was a limited liability company duly licensed to transact business in the State of Ohio.

23.     Defendant Denmar does business, has offices, and/or maintains agents for the transaction of its customary business in Cuyahoga County, Ohio.

24.     Defendant Denmar is owned and/or operated, in whole or in part, by Defendant Erick Martinez.

25.     Defendant Denmar is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

26.     Under the FLSA, Defendant Denmar is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Denmar had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  Having acted in the interest of Defendant Denmar in relation to the company's employees, including Plaintiff, Defendant Denmar is subject to liability under the FLSA.

27.     Defendant Martinez is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

28.     Under the FLSA, Defendant Martinez is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Martinez had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  Having acted in the interest of Erick Martinez in relation to the company's employees, including Plaintiff, Defendant Martinez is subject to liability under the FLSA.

29.     Defendants jointly employed Plaintiff and the Collective Member under the FLSA and the statutes at issue in the Class Action.

30.     At all material times, Defendants, individually and collectively, are an enterprise engaged in commerce that has annual gross sales of at least $500,000.

31.     At all material times, Defendants, individually and collectively, are an enterprise engaged in commerce that has annual gross volume of sales made for business in excess of $150,000, exclusive of excise taxes at the retail level which are separately stated.

### DEFENDANTS ARE A SINGLE ENTERPRISE AND SINGLE EMPLOYER

32.     Defendants own and operate a chain of franchised Denny's restaurants.

33.     At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of Denny's restaurants.

34.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned Denny's restaurants.

35.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

36.     Defendants run each Denny's restaurant identically, or virtually identically, and Defendants' customers can expect the same kind of customer service regardless of the location.

37.     Defendants share employees between restaurant locations.

38.     Defendants share common management between restaurant locations. The Denny's restaurants share common human resources and payroll services.

39.     Defendants subject their employees to common, enterprise-wide policy and procedures as detailed in a uniform employee handbook that is issued to all employees at all of Defendants' restaurant locations.

40.     Defendants use the trade name "Denny's" at their Denny's restaurant locations.

41.     Defendants advertise together on the same website.

42.     Defendants provide the same array of products and services to their customers at their Denny's restaurant locations.

43.     This chain of restaurants provides the same service product to its customers by using a common system of internally classifying positions as exempt or non-exempt when conducting its business.

44.     Part of that common system of internally classifying positions as exempt is the wage violations alleged in this complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

45.     Pursuant to 29 U.S.C. §216(b), Plaintiff seeks to prosecute his FLSA claims individually and as a collective action on behalf of all persons who are or were formerly employed by Defendants as restaurant managers (or those holding a similar job, but given a different job title) who were paid on a salary basis at any time during the FLSA Relevant Period ("the Collective Members").

46.     Defendants are liable under the FLSA, *inter alia*, for failing to properly compensate Plaintiff and the Collective Members.

47.     There are many similarly situated current and former Collective Members who have not been paid overtime premiums for hours worked over 40 in a workweek, while being employed in a non-exempt position, in violation of the FLSA who would benefit from the

issuance of a court-supervised notice of the lawsuit and the opportunity to join it; thus, notice should be sent to the Collective Members pursuant to 29 U.S.C. § 216(b).

48.     The similarly situated Collective Members are known to Defendants, are readily-identifiable, and can be located through Defendants' records.

## **STATEMENT OF FACTS**

49.     Defendants employed Plaintiff and the Collective Members as restaurant managers (or those holding a similar job, but given a different job title) during the FLSA Relevant Period and Class Action Relevant Period.

50.     Defendants maintained control, oversight, and discretion over the operation of all of their Denny's restaurant locations, including their employment practices with respect to the Collective Action Members.

51.     Plaintiff's and the Collective Members' work was performed in the normal course of Defendants' business and was integrated into it.

52.     Consistent with Defendants' policy, pattern and practice, Plaintiff and the Collective Members worked more than 40 hours in one or more workweeks, but Plaintiff and the Collective Members were not paid overtime for the hours that they worked which were in excess of 40 hours in a given workweek.

53.     The work that Plaintiff and the Collective Members performed was assigned by Defendants and Defendants were aware of the work that Plaintiff and the Collective Members performed.

54.     The work that Plaintiff and the Collective Members performed as part of their primary duty did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

55.     Plaintiff's and the Collective Members' primary duty included preparing food and working the grill line in the back of the house; cleaning; operating the dishtank; and organizing and stocking inventory.

56.     Plaintiff and the Collective Member did not have the authority to hire and fire employees and Plaintiff's and the Collective Members' primary duty did not involve exercising meaningful judgment and discretion.

57.     Plaintiff's and the Collective Members' primary duties were manual in nature and were generally not performed in an office.

58.     The performance of manual labor duties in a kitchen occupied the majority of Plaintiff's and the Collective Members' time in their employment at Defendants' Denny's restaurant locations.

59.     Pursuant to a centralized, enterprise-wide policy, pattern and practice, Defendants internally classified and paid Plaintiff and the Collective Members as exempt from the maximum hour overtime compensation requirements of the FLSA and OMFWSA throughout each relevant statutory period.

60.     Upon information and belief, Defendants did not perform a person-by-person analysis when deciding to classify Plaintiff and the Collective Members as exempt from the maximum hour overtime compensation requirements of the FLSA and OMFWSA throughout each relevant statutory period.

61.     Defendants' conduct alleged herein was willful or in reckless disregard of the applicable wage and hour laws and was undertaken pursuant to Defendants' enterprise-wide goal of reducing labor costs by not paying overtime premiums to Plaintiff and the Collective Members. Defendants knew that Plaintiff and the Collective Members were performing primary

job duties that did not comply with any FLSA or OMFWSA exemption and Defendants acted willfully or in reckless disregard to the requirements of the FLSA and OMFWSA in choosing to classify Plaintiff and the Collective members as exempt.

62.     Defendants were aware, or should have been aware, through their management-level employees, that Plaintiff and the Collective Members were primarily performing non-exempt duties.

63.     Defendants were aware, or should have been aware, through their management-level employees, that Plaintiff and the Collective Members were working in excess of 40 hours in any given workweek.

64.     Defendants were aware, or should have been aware, through their management-level employees, that Plaintiff and the Collective Members were not being paid any overtime compensation for the hours that they worked that were in excess of 40 hours in any given workweek.

65.     Defendants regularly scheduled Plaintiff and the Collective Members for a 50 hour workweek.

66.     Defendants have intentionally, willfully and repeatedly engaged in an enterprise-wide patter practice and policy of violating the FLSA and OMFWSA with respect to Plaintiff and the Collective Members. This policy, pattern and practice includes, but is not limited to, willfully misclassifying Plaintiff and the Collective Members as exempt from the overtime requirements of the FLSA and OMFWSA; willfully failing to pay Plaintiff and the Collective Members overtime wages for hours that they worked in excess of 40 hours per week; requiring Plaintiff and the Collective members to perform non-exempt tasks as their primary duties; and

willfully failing to provide enough money in Defendants' restaurant-level labor budgets for their non-exempt employees to perform their duties and responsibilities.

## COUNT ONE: FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES ON BEHALF OF PLAINTIFF AND THE FLSA COLLECTIVE

67.     At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce within the meaning of the FLSA. 29 U.S.C. §§ 206(a) and 207(a).

68.     Defendants are subject to the coverage of the maximum hours and overtime compensation provisions of the FLSA. 29. U.S.C. § 201 *et seq.*

69.     At all relevant times, Defendants employed Plaintiff, and employed or continues to employ the Collective Members within the meaning of the FLSA.

70.     During the FLSA Relevant Period and continuing to the present time, Defendants have a policy of not paying overtime premiums to Plaintiff and the Collective Members for hours worked in excess of 40 hours per workweek.

71.     As a result of Defendants' willful failure to compensate Plaintiff and the Collective Members at a rate not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. 201 *et seq.*, including 29 U.S.C. §§ 207(a) and 215(a).

72.     As a result of Defendants' policy and practice of minimizing labor costs by underfunding labor budgets at their Denny's restaurant locations, Defendants knew or recklessly disregarded the fact that Plaintiff and the Collective Members were performing non-exempt tasks as their primary duty.

73.     Due to Defendants' failure to provide enough funds to adequately budget labor, failure to take into account the effect of the underfunded labor budgets on the job duties of

12

Plaintiff and the Collective Members, Defendants' actual knowledge through its managerial employees that the primary duties of Plaintiff and the Collective Members were manual labor (no in an office) and included other non-exempt tasks, Defendants' failure to perform a person-by-person analysis of Plaintiff's and the Collective Members' job duties to ensure that they were performing exempt job duties, and Defendants' knowledge that Plaintiff and the Collective Members worked overtime hours without receiving overtime compensation, Defendants knew or recklessly disregarded that their conduct was prohibited by the FLSA.

74.     As a result of Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Members, is entitled to recover unpaid overtime wages from Defendants, to recover an additional, equal amount as liquidated damages, to recover all reasonable attorney fees and costs incurred in the prosecution of this action, and to recover all allowable interest.

75.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## COUNT TWO: OHIO MINIMUM FAIR WAGE STANDARDS ACT – UNPAID OVERTIME ON BEHALF OF PLAINTIFF AND THE OHIO CLASS ACTION MEMBERS

76.     Plaintiff and the Class Action Members were subject to Defendants' common and enterprise-wide policy and practice of internally classifying and paying Plaintiff and the Class Action members as exempt from Ohio's statutory overtime pay provisions, resulting in a failure to pay overtime at a rate of one and on-half times Plaintiff's and the Class Action Members' regular rate of pay, inclusive of all compensation not excludable from the regular rate calculations under applicable law. *See* Ohio Revised Code Ann. § 4111.03.

77.     Defendants employed 40 or more Class Action Members who's regularly scheduled pay dates fell within the two-year period preceding the date of this Complaint and continuing through judgment.

78.     Common questions of law and fact exist as to all Class Action Members and predominate over any questions solely affecting individual Class Action Members, including, but not limited to; whether Defendants unlawfully failed to fully pay the required amount of overtime compensation to the Class Action Members in violation of Ohio's laws; the proper measure of damages sustained by the Class Action Members; and whether the Court should grant declarative relief finding Defendants violated the Ohio laws at issue in this Class Action.

79.     Plaintiff will fairly and adequately protect the interests of the Class Action Members because he suffered the same common and enterprise-wide violations alleged herein, his interests are aligned with the Class Action Members, and he has retained counsel experienced in wage and hour collective action litigation.

80.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class Action Members predominate over any questions affecting only an individual Class Action Member, and because a hybrid class action and FLSA collective action is superior to other available methods for the fair and efficient adjudication of this litigation.

81.     Defendants' common and enterprise-wide policies and practices denied the Class Action Members the overtime compensation to which they are entitled.

82.     The damages suffered by any individual Class Action Member is relatively small compared to the expense and burden of individual prosecution of the claims at issue in this litigation.

83. A hybrid class action and FLSA collective action is superior to other available methods of the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against multiple defendants; prosecuting what would be more than forty similar individual lawsuits in various jurisdictions does not promote judicial efficiency or equity and consistency in judicial results.

84. Class certification of the Class Action is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted and omitted on grounds generally applicable to the Class Action Members, making appropriate declaratory relief with respect to the Class Action Members.

85. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## PRAYER FOR RELIEF

Plaintiff seeks an entry of judgment against Defendants, jointly and severally as a single enterprise and employer, finding liability under the FLSA and OMFWSA, and granting the following relief to Plaintiff on behalf of himself and all others similarly situated:

A. Designation of this action as an FLSA collective action on behalf of the Collective Members and prompt issuance of notice to all similarly situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b) and tolling of the statue of limitations;

B. Certification of the Class Action claims pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and his counsel to represent the Class Action Members;

C.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and OMFWSA;

D.    An award of unpaid wages under the FLSA and OMFWSA for all hours worked by restaurant managers (or those holding a similar job, but given a different job title) in excess of 40 hours in a given workweek;

E.    An award of liquidated damages equal to the amount of all unpaid wages for all hours worked by restaurant managers (or those holding a similar job, but given a different job title) in excess of 40 hours in a given workweek pursuant to 29 U.S.C. § 216;

F.    An award equal to two times all unpaid wages for all hours worked by restaurant managers (or those holding a similar job, but given a different job title) in excess of 40 hours in a given workweek pursuant to Section 34a of Article II of the Ohio Constitution;

G.    Equitable tolling of the FLSA statute of limitations;

H.    An award of all allowable interest;

I.    An award of costs and expenses of this action together with reasonable attorney's fees and an award of a service payment to the Plaintiff; and

J.    Such other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this February 1, 2019.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Telephone OH: (216) 395-4226
Email: cliffordbendau@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com